OHIO SECURITY INSURANCE CO., APPELLEE, *v.* BUCKEYE UNION
CASUALTY CO. ET AL., APPELLANTS.

(No. 1156—Decided January 2, 1962.)

*Mr. John B. Connaughton,* for appellee.
*Messrs. Fitton, Pierce & Baden,* for appellant.

HILDEBRANT, J. This is an appeal on questions of law in a
declaratory judgment action tried to the court below on a stipu-
lation of facts filed in this court as the bill of exceptions. The
stipulation is set forth in full, as follows:

"The parties hereto stipulate as to the following facts
which they deem controlling for decision in this case:

"1. On February 4, 1958, plaintiff, Ohio Security Insurance
Company, issued a policy of insurance on a 1956 Ford to the de-
fendant, Earl Lehman. This was a standard automobile policy
and a copy of the same is herewith attached and marked 'Ex-
hibit A.'

"2. On January 23, 1959, Earl Lehman entered into an
agreement with Mid Town Motors, Inc., to trade his 1956 Ford
for a 1959 Plymouth. He signed a purchase order on that date

and a copy of this purchase order is hereto attached and marked 'Exhibit B.'

"3. On January 26, 1959, the Plymouth automobile was delivered by Mid Town Motors to Earl Lehman.

"4. A copy of an endorsement is attached and marked 'Exhibit C,' regarding the change in ownership.

"5. On January 29, 1959, Earl Lehman signed the application for a certificate of title for the 1959 Plymouth.

"6. On January 29, 1959, Earl Lehman executed a note and mortgage for the balance of the purchase price on the 1959 Plymouth to Mid Town Motors, and on the same day, Mid Town Motors endorsed the note and assigned the chattel mortgage to the defendant, Central Trust Company. Copy is attached.

"7. On January 30, 1959, Earl Lehman, while operating the 1959 Plymouth, was involved in an accident resulting in material damage to that automobile.

"8. On February 11, 1959, a certificate of title was issued by the clerk of courts.

"9. During the period mentioned above, the defendant, Buckeye Union Casualty Company, had issued to Mid Town Motors a policy of insurance, a copy of which is hereto attached and marked 'Exhibit D,' and to this policy of insurance was attached an endorsement for physical damage, copy of which is attached hereto and marked 'Exhibit E.' "

On that set of facts, in the judgment entry appealed from the court declared in part:

"The court further finds that as between the plaintiff, Ohio Security Insurance Company, and the Buckeye Union Casualty Company, said Buckeye Union Casualty Company's liability attaches and is prior to the liability, if any there be, on the part of the plaintiff. The court further finds that the Buckeye Union Casualty should first discharge its liability determined by reason of the aforesaid policy covering the damages to the vehicle in question. The court further finds that The Central Trust Company, by virtue of the chattel mortgage against said motor vehicle, a 1959 Plymouth Fury, has the first and best lien thereon."

Indulging a presumption of correctness in the declaration of the trial court as to title and ownership, and that the Buckeye Union Casualty Company should first discharge its liability determined by reason of its contract of insurance with Mid Town

Motors, Inc., it appears the trial court did not go far enough and declare the rights under the policy as between Mid Town Motors, Inc., and the Buckeye Union Casualty Company as prayed for in their answer.

The physical damage endorsement attached to the policy provides: "The policy covers * * * but excludes automobiles sold by the insured under bailment lease, conditional sale, mortgage or other type of encumbrance."

Under the stipulation of facts set forth above, can there be any doubt that the automobile was sold on mortgage within the meaning of the exclusion clause of the policy? We think there is not, and so hold.

In *Brewer* v. *DeCant,* 167 Ohio St., 411, the court gave effect to the policy provisions extending coverage to the automobile dealer even though the certificate of title remained in the name of another person. By analogy here, even though Mid Town Motors had not completed the mechanics of divesting itself of the bare legal title in compliance with the Ohio certificate of title law, to hold the automobile was not sold under mortgage within the meaning of the language of the exclusion clause of the policy, would just simply be contrary to common right and reason.

We observe further that any different conclusion could not be reconciled with the judgment of the trial court in finding The Central Trust Company, by virtue of its chattel mortgage on the automobile involved, has the first and best lien thereon.

The judgment is hereby modified to declare the motor vehicle described in the amended petition herein is excluded from coverage by the terms of the policy issued by defendant to Mid Town Motors, Inc., herein, and defendant Buckeye Union Casualty Company declared to have no obligation for the payment of the physical damage to the automobile.

We find no other error in the record, prejudicial to the appellant herein.

LONG, P. J., concurs.